UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>Plaintiff,<br><br>v.<br><br>VIVID SEATS, LLC<br><br>Defendant. | Case No. 1:20-cv-03198<br><br>Judge Robert M. Dow, Jr. |

**ANSWER TO COMPLAINT**

Defendant Vivid Seats, LLC ("Vivid Seats"), by and through its attorneys, Neal Gerber & Eisenberg LLP, hereby responds to the allegations set forth in the Complaint filed by Plaintiff, Larry Philpot ("Philpot"):

**PRELIMINARY STATEMENT**

Vivid Seats denies that it "stole" anything from Philpot. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining statements or allegations in the Preliminary Statement and therefore denies the same.

**I.
PARTIES**

1.  Plaintiff Larry G. Philpot is a citizen and resident of the State of Indiana. Philpot is a renowned freelance professional photographer who specializes in photographing concerts and musical performances across the United States.

**ANSWER:** Vivid Seats denies that Philpot is a renowned freelance professional photographer on the basis of publicly available findings from other courts. For example, the District Court for the Western District of Texas found that

> [Philpot] has no training in photography and has never been employed full-time as a photographer; he works as a freelancer. He is formally affiliated with OnStage

Page 1

> Magazine, a company he created to gain access to bigger events, but which does not actually produce magazines or generate advertising revenue. He has never been hired to photograph a concert or other event. He is compensated for his work mostly in concert tickets, food, and drinks. Pressed to identify monetary compensation for his work, Philpot testified that once he did a shoot for a hidden-camera show and that he once earned $0.88 for an image of Prince that he took at a concert he paid $2,000 to attend. He sells prints of his photos but has made not very much money—possibly less than $100 total—doing so. He loses money on his photography work almost every year.

*Philpot v. WOS, Inc.*, 2019 U.S. Dist. LEXIS 67978 (W.D. Tex. Apr. 22, 2019). Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

2. Defendant Vivid Seats LLC is a Delaware limited liability company with its principal place of business in Illinois and resides in Cook County, Illinois. Vivid Seats may be served via its registered agent, Cogency Global Inc., at 600 South Second Street, Suite 404, Springfield, Illinois 62704.

**ANSWER:** Admitted.

### III.
### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

**ANSWER:** Admitted.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this civil action arises under an Act of Congress relating to copyrights, namely the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

**ANSWER:** Admitted.

5. This Court has personal jurisdiction over Defendant Vivid Seats LLC because it conducts business and resides in the State of Illinois.

**ANSWER:** Admitted.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant Vivid Seats LLC resides and may be found in this District.

**ANSWER:** Admitted.

## IV.
## FACTUAL BACKGROUND

7. To say that concert photography is a tough business is a severe understatement. It requires artistic skills, business skills, and interpersonal skills. Before having the opportunity to even take a photo, concert photographers must invest in expensive equipment and negotiate to obtain access to the concert stage. At the concert, they must battle all the variables that arise from an uncontrolled setting—a rowdy crowd, horrible lighting that is always changing, and musicians constantly moving. Not to mention, it is really loud. As a result, despite all of their efforts and hard work, concert photographers often take photographs that are entirely unusable, where the rock stars appear as blurs and washy blobs.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

8. Financially, concert photography can be a high-risk business venture. Freelance concert photographers earn money when they license or sell their work product and from photography engagements. If the photographs are unusable, which is often the case, or simply aren't good, then the photographers do not receive any type of payment and are unable to expand their portfolio—which is necessary to obtain additional business.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

9. And, in today's technological age where anyone with a smart phone can take pictures at concerts, concert photography is becoming significantly more competitive, making it even more imperative to capture the perfect shot. Because that is all that there is demand for—a few once-in-a-lifetime shots for each star. It doesn't matter if a concert photographer takes 100 good shots of a star at a concert—an article about Ted Nugent, for example, only needs one picture of Ted Nugent—the best one.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

10. In such a cutthroat environment, it is essential that concert photographers receive the compensation and credit to which they are entitled, but also need to advance their business.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

11. Each and every instance where a photographer does not receive proper attribution, or his work is misattributed, decreases the value of that photograph and the overall value of the photographer's portfolio.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

12. Larry Philpot is a renowned freelance photographer who specializes in taking photographs of musicians at concerts and other performances. Philpot has distinguished himself from amateur photographers by creating a highly coveted portfolio that demands legal protection to preserve its standard.

**ANSWER:** Denied on the basis of publicly available findings from other courts, as set forth in Vivid Seats' response to Paragraph No. 1.

13. He has spent years perfecting his craft, and his photography business includes licensing his works and photography engagements.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

14. Philpot is known for the unparalleled quality of his work. He employs photography techniques that involve precise angles, timing, assessment of light, and other creative approaches that he has worked tirelessly to develop. At a concert, Philpot has the uncanny ability of connecting with the artist from the crowd. In addition, to ensure the highest quality photographs, Philpot uses state of the art equipment. He has invested tens of thousands of dollars in equipment.

**ANSWER:** Denied on the basis of publicly available findings from other courts, as set forth in Vivid Seats' response to Paragraph No. 1.

15. He has established a strong reputation for himself and his work, and due to his professional reputation, he often obtains privileged access to take photographs of musical performers at concerts. Indeed, there are over one hundred instances where Philpot has received press credentials.

**ANSWER:** Denied on the basis of publicly available findings from other courts, as set forth in Vivid Seats' response to Paragraph No. 1.

16. There is an extensive market and a demand for Philpot's photos that includes, but is not limited to, the musicians themselves, the musicians' fans, record labels, talent agencies, editorial organizations, media entities, radio stations, website operators, and concert and event planners. Philpot has been very successful in this market.

**ANSWER:** Denied on the basis of publicly available findings from other courts, as set forth in Vivid Seats' response to Paragraph No. 1.

17. Philpot understands that part of being a professional photographer is to market your works to gain widespread exposure, and that the high use of his photographs has required licensing agreements and copyright protections.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

18. Philpot has entered into license agreements with Tom Petty and the Heartbreakers for his photographs.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

19. Philpot has also licensed his work to various musicians in exchange for attribution including, but not limited to, the musicians Kid Rock and Paul Stanley of KISS.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

20. Further, Philpot has previously licensed several of his photographs through a stock photography agency called "Corbis" and its affiliate "Splash." Philpot received monetary compensation through Corbis and Splash for licenses for photographs he took of Prince, Madonna, Fleetwood Mac, and the 2015 Indianapolis 500 Race and Winner.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

21. Philpot has also been engaged as a photographer by Hoosier Park LLC d/b/a Hoosier Park Racing & Casino to photograph "meet and greets" between celebrities and fans.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

22. Philpot's portfolio and reputation as a premier photographer are critical to his business. The more his photographs are viewed with proper attribution, the more access he can obtain to take celebrity photographs, and the more he can command in licensing fees.

**ANSWER:** Denied on the basis of publicly available findings from other courts, as set forth in Vivid Seats' response to Paragraph No. 1.

23. On July 31, 2013, Philpot created a photograph of Ted Nugent in Indianapolis, Indiana (the "Ted Nugent Photo"). A true and correct copy of the Ted Nugent Photo is attached as Exhibit A.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

24. The Ted Nugent Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs on August 15, 2013. The Ted Nugent Photo is registered with the United States Copyright Office under Certificate Number VAu 1-164-624. A copy of the copyright registration certificate for the Ted Nugent Photo is attached as Exhibit B.

**ANSWER:** Vivid Seats admits the document attached as Exhibit B bears the identified certificate number. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the same.

25. As the owner of the copyright in the Ted Nugent Photo, Philpot has the exclusive rights to (1) reproduce the Ted Nugent Photo in copies, (2) prepare derivative works based on the Ted Nugent Photo, (3) distribute copies of the Ted Nugent Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending, and (4) display the Ted Nugent Photo publicly.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny any fact allegations deemed present in this paragraph and therefore denies the same.

26. Philpot first displayed the Ted Nugent Photo on September 12, 2013 on the Wikimedia website. The original photo can be found at https://commons.wikimedia.org/wiki/File:Ted_Nugent_2013.jpg. A copy of this webpage as it existed on September 28, 2018 with the Ted Nugent Photo is attached as Exhibit C.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

27. On June 11, 2011, Philpot created a photograph of REO Speedwagon in Anderson, Indiana (the "REO Speedwagon Photo"). A true and correct copy of the REO Speedwagon Photo is attached as Exhibit D.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

28. The REO Speedwagon Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs on May 17, 2013. The REO Speedwagon Photo is registered with the United States Copyright Office under Certificate Number VAu 1-164-648. A copy of the copyright registration certificate for the REO Speedwagon Photo is attached as Exhibit E.

**ANSWER:** Vivid Seats admits that the document attached as Exhibit E bears the identified certificate number. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the same.

29. As the owner of the copyright in the REO Speedwagon Photo, Philpot has the exclusive rights to (1) reproduce the REO Speedwagon Photo in copies, (2) prepare derivative works based on the REO Speedwagon Photo, (3) distribute copies of the REO Speedwagon Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending, and (4) display the REO Speedwagon Photo publicly.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny any fact allegations deemed present in this paragraph and therefore denies the same.

30. Philpot first displayed the REO Speedwagon Photo on October 4, 2013 on the Wikimedia website. The original photo can be found at https://commons.wikimedia.org/wiki/File:REQ(cropped).jpg. A copy of this webpage as it existed on September 29, 2018 with the REO Speedwagon Photo is attached as Exhibit F.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

31. A Creative Commons license is a simple, standardized copyright license that anyone can use to license their work. The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny any fact allegations deemed present in this paragraph and therefore denies the same.

32. In an effort to market his freelance photography practice, Philpot offered the Ted Nugent Photo through Wikimedia for distribution, public display, and public digital performance under a Creative Commons Attribution-ShareAlike 3.0 Unported Generic license (abbreviated as "CC BY-SA 3.0"). A copy of the CC BY-SA 3.0 license is attached as Exhibit G.

**ANSWER:** Vivid Seats admits that the document attached as Exhibit G is a Creative Commons license. Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

33. This license allows anyone to use the work, provided that they, among other requirements:

    a. Include a copy of the Uniform Resource Identifier for the CC BY-SA 3.0;

    b. Provide attribution to the author of the work; and

    c. Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny any fact allegations deemed present in this paragraph and therefore denies the same.

34. In an effort to market his freelance photography practice, Philpot offered the REO Speedwagon Photo through Wikimedia for distribution, public display, and public digital performance under a Creative Commons Attribution-ShareAlike 3.0 Unported Generic license (abbreviated as "CC BY-SA 3.0"). A copy of the CC BY-SA 3.0 license is attached as Exhibit G.

**ANSWER:** Vivid Seats admits that the document attached as Exhibit G is a Creative Commons license. Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

35. This license allows anyone to use the work, provided that they, among other requirements:

    a. Include a copy of the Uniform Resource Identifier for the CC BY-SA 3.0;

    b. Provide attribution to the author of the work; and

    c. Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny any fact allegations deemed present in this paragraph and therefore denies the same.

36. Larry Philpot provided the following description on the Wikimedia website for the Ted Nugent Photo, "English: Ted Nugent performs in Indianapolis at the Murat, July 31, 2013." Philpot also provided the following attribution requirement: "Attribution: Photo Credit: Larry Philpot of www.soundstagephotography.com."

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

37. Larry Philpot provided the following description on the Wikimedia website for the REO Speedwagon Photo, "REO Speedwagon performs in Indianapolis, 2011." Philpot also provided the following attribution requirement: "All photographs are my own work and are copyrighted with the US Copyright Office. Attribution should be Photo Credit: Larry Philpot, www.soundstagephotography.com."

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

38. Vivid Seats infringed Philpot's copyright in the Ted Nugent Photo by publishing, copying, and displaying the Ted Nugent Photo on the https://www.vividseats.com/ website at https://www.vividseats.com/concerts/ted-nugent-tickets .html and https://a.vsstatic.com/banner/event/concerts/ted-nugent.jpg. A copy of these webpages as they appeared with the Ted Nugent Photo is attached as Exhibit H.

**ANSWER:** Denied.

39. Vivid Seats did not provide attribution to Philpot when it published the Ted Nugent Photo.

**ANSWER:** Vivid Seats admits that it did not provide attribution when it posted a version of the image shown in Exhibit A. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the same.

40. Vivid Seats did not list or link to Philpot's website, soundstagephotography.com when it published the Ted Nugent Photo.

**ANSWER:** Vivid Seats admits that it did not provide attribution when it posted a version of the image shown in Exhibit A. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the same.

41. Philpot discovered these infringements on April 12, 2020 and April 29, 2020.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

42. Vivid Seats infringed Philpot's copyright in the REO Speedwagon Photo by publishing, copying, and displaying the REO Speedwagon Photo on the https://wwvv.vividseats.com/ website at https://a.vsstatic.com.mobile.app/concerts/REO-speedwagon.jpg, vividseats.com/concerts/reo-speedwagon-tickets.html, https://www.vividseats.com/concerts/reo-speedwagon-tickets.html?utm_source=eventful&utm_medium= cpc&utm_campaign=Concert&utmterm =RE0%20Speedwagon, andhttps://www.vividseats.com/concerts/reo-speedwagontickets.html?utm source=eventful&utm_medium=cpc&utm_campaign= Concert &utm-term=REO Speedwagon. A copy of these webpages as they appeared with the REO Speedwagon Photo is attached as Exhibit I.

**ANSWER:** Denied.

43. Vivid Seats did not provide attribution to Philpot when it published the REO Speedwagon Photo.

**ANSWER:** Vivid Seats admits that it did not provide attribution when it posted a version of the image shown in Exhibit D. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the same.

44. Vivid Seats did not list or link to Philpot's website, soundstagephotography.com when it published the REO Speedwagon Photo.

**ANSWER:** Vivid Seats admits that it did not provide attribution when it posted a version of the image shown in Exhibit D. Vivid Seats is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the same.

45. Philpot discovered these infringements on May 29, 2017.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

46. Defendant Vivid Seats passed off Philpot's Ted Nugent and REO Speedwagon Photos as its own, ignoring Philpot's primary requirement under the Creative Commons license to allow Defendant Vivid Seats to use his copyrighted work – the credit. Philpot has been deprived of the credit for taking the exceptional Ted Nugent and REO Speedwagon Photos.

**ANSWER:** Denied.

## V.

## **CLAIMS**

47. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

**ANSWER:** Vivid Seats incorporates by reference its responses to paragraphs 1 through 46 as set forth above.

48. Defendant Vivid Seats operated and operates the https://www.vividseats.com/ website.

**ANSWER:** Admitted.

49. Defendant Vivid Seats published, copied, and displayed the Ted Nugent Photo at https://www.vividseats.com/concerts/ted-nugent-tickets.html and https://a.vsstatic.com/banner/event/concerts/ted-nugent.jpg.

**ANSWER:** Vivid Seats admits that it included a version of the image shown in Exhibit A on its website. Vivid Seats denies the allegations in this paragraph to the extent they suggest Vivid Seats published the image in multiple, functionally distinct places, and denies the remaining allegations.

50. Defendant Vivid Seats published, copied, and displayed the REO Speedwagon Photo at https://a.vsstatic.com.mobile.app/concerts/REO-speedwagon.jpg, vividseats.com/concerts/reo-Speedwagon-tickets.htrnl, https://www.vividseats.com/concerts/ reo-speedwagon-tickets.html?utm_source=eventful&utm_medium=cpc&utm_campaign—Concert&utm_term= RE0%20Speedwagon, and https://www.vividseats.com/concerts/reo-speedwago- tickets.html?utm_source=eventful&utm medium=cpc&utm campaign=Concert&utm-term=REO Speedwagon.

**ANSWER:** Vivid Seats admits that it included a version of the image shown in Exhibit D on its website. Vivid Seats denies the allegations in this paragraph to the extent they suggest Vivid

Seats published the image in multiple, functionally distinct places, and denies the remaining allegations.

51. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

**ANSWER:** Vivid Seats is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.

52. Defendant acted with willful disregard of the laws protecting Plaintiff's copyrights.

**ANSWER:** Denied.

53. Defendant infringed Plaintiff's copyrights in the Ted Nugent and REO Speedwagon Photos in violation of 17 U.S.C. § 501.

**ANSWER:** Denied.

54. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including but not limited to damage to his business reputation and goodwill.

**ANSWER:** Denied, including on the basis that Philpot does not request any licensing fees for the images at issue, but rather makes them available to the public without monetary compensation.

55. Plaintiff is informed and believes and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Ted Nugent and REO Speedwagon Photos.

**ANSWER:** Denied.

56. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for each work willfully infringed by Defendant in an amount of $150,000 per work infringed. In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyrights, Plaintiff is entitled to seek maximum statutory damages for each work infringed by Defendant in an amount of $30,000 per work infringed.

**ANSWER:** Vivid Seats denies that Philpot is entitled to any relief.

57. Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts. Accordingly, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502, as well as seizure of the Ted Nugent and REO Speedwagon Photos.

**ANSWER:** Denied.

58. Plaintiff is entitled to recover from the Defendant his attorney's fees and costs of suit, pursuant to 17 U.S.C. § 505.

**ANSWER:** Denied.

## VI.

## JURY DEMAND

Vivid Seats acknowledges Philpot's jury demand but denies that this matter warrants the time and attention of a jury given the actual amount in dispute, and submits that this case should be mediated to spare the Court's resources if it cannot be settled outright.

## VII.

## RELIEF REQUESTED

Vivid Seats denies that Philpot is entitled to the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Philpot's claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Philpot's claims are barred by the doctrine of unclean hands as Philpot's claims are brought in bad faith and constitute an abuse of copyright law and the judicial system. Philpot seeks unjust profits by using the threat of litigation costs to extract settlement payments far in excess of any damages Philpot could reasonably expect to obtain, based on well-documented prior judicial decisions relating to Philpot's works and litigation tactics. As Philpot himself establishes through the allegations in his complaint, Philpot laid in wait for at least 3 years with knowledge of Vivid

Seats' website content, hoping that Vivid Seats might incur additional potential liability, instead of bringing his concerns to Vivid Seats in order to mitigate any alleged damages and timely resolve this matter. Philpot therefore comes before this Court with unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Philpot's claims are barred, in whole or in part with respect to actual damages, because Philpot failed to mitigate his damages. As Philpot himself establishes through the allegations in his Complaint, Philpot laid in wait for at least 3 years with knowledge of Vivid Seats' website content, hoping that Vivid Seats might incur additional potential liability, instead of bringing his concerns to Vivid Seats in order to mitigate any alleged damages and timely resolve this matter.

Dated: August 25, 2020

Respectfully Submitted,

 /s/ Mike R. Turner
Mike R. Turner
Andrew S. Fraker
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
Tel: (312) 269-8000
mturner@nge.com
afraker@nge.com

**Attorneys for Defendant
VIVID SEATS, LLC**

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on August 25, 2020, a copy of the foregoing document was filed electronically through the Court's Electronic Case Filing System, and service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's ECF System on this date.

                                                     */s/ Mike R. Turner*
                                                     Mike R. Turner